**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LETICIA RODARTE, | No. 08-73650 |
| Petitioner, | Agency No. A097-867-602 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010**

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Leticia Rodarte, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to

reconsider and reopen removal proceedings. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

or reconsider, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

In her opening brief, Rodarte fails to address, and therefore has waived any challenge to, the BIA's determination that her motion to reconsider was untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion by denying Rodarte's motion to reopen, because the BIA considered the evidence she submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

We lack jurisdiction to review the agency's discretionary determination that Rodarte failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Finally, we are not persuaded that Rodarte's removal results in the deprivation of her children's rights. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012-13 (9th Cir. 2005).

08-73650

Rodarte's remaining contentions lack merit.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**